UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W SCHUBERT,<br>　　　　　Plaintiff,<br>　v.<br>THE BANK OF NEW YORK MELLON, et al.,<br>　　　　　Defendants. | Case No. 17-cv-00856-KAW<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 59 |

On February 8, 2017, Plaintiff James W. Schubert brought the instant suit against Defendants The Bank of New York Mellon and Bank of America, N.A., asserting claims for quiet title and declaratory relief. (Dkt. No. 1-1.) Defendants subsequently moved to dismiss the case. (Dkt. No. 14.) On June 14, 2017, the Court granted Defendants' motion to dismiss, but gave Plaintiff leave to file an amended complaint to add claims based on an alleged breach of the settlement agreement. (Dkt. No. 42 at 18.)

Plaintiff, however, did not file an amended complaint. Instead, Plaintiff filed a request that the Court amend its dismissal order to deny leave to amend so that Plaintiff could appeal the Court's dismissal. (Dkt. No. 45 at 1-2.) The Court denied Plaintiff's request, explaining that the proper procedure would be for Plaintiff to file a written notice of intent not to file an amended complaint, which would allow the Court to enter final judgment dismissing all claims with prejudice under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 47 at 2.)

On July 17, 2017, Plaintiff filed his notice of intention not to file an amended complaint. (Dkt. No. 48.) On July 18, 2017, the Court dismissed Plaintiff's case with prejudice and entered a final judgment. (Dkt. Nos. 50, 51.) Plaintiff subsequently appealed the case. (Dkt. No. 54.)

On April 3, 2019, the Ninth Circuit upheld the Court's dismissal order on the merits. (Dkt.

1 No. 57 at 2, 5.) Because Plaintiff could state a claim that was not barred by res judicata, however,
2 the Ninth Circuit vacated the final judgment and remanded the case back to the Court to give
3 Plaintiff "a final opportunity to amend his complaint consistent with this disposition." (*Id.* at 5.)

On April 25, 2019, the Ninth Circuit's judgment took effect. On May 6, 2019, the Court ordered Plaintiff to file an amended complaint by June 3, 2019. (Dkt. No. 59.) As of the date of this order, Plaintiff has not filed his amended complaint. Accordingly, the Court ORDERS Plaintiff to show cause, by **June 20, 2019**, why the case should not be dismissed for failure to prosecute by: (1) filing his amended complaint, and (2) explaining why Plaintiff failed to comply with the Court's prior order.

IT IS SO ORDERED.

Dated: June 11, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge